■ KATHERINE BOBICK, Appellant, v EDWARD BOBICK, Respondent.—In an action for arrears in support payments and to compel defendant to comply with the terms of a foreign divorce decree, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated October 7, 1975, as denied her motion for a counsel fee on defendant's appeal from a prior order, which order, *inter alia,* directed him to produce the material sought by plaintiff in her notice of discovery and inspection. Order affirmed insofar as appealed from, without costs or disbursements, and without prejudice to a further application for the same relief after the action is finally determined. Under the circumstances herein, we believe that Special Term properly exercised its discretion in declining to award counsel fees *pendente lite* for an appeal involving a question of procedural relief. Hopkins, Acting P. J., Cohalan, Damiani, Christ and Titone, JJ., concur.

■ BRENT, PHILLIPS, DRANOFF & DAVIS, P. C., Respondent, v POWER-DYNE VEHICLES, INC., Appellant.—In an action to recover for legal services rendered, in which a judgment in favor of plaintiff was entered on default, defendant appeals from an order of the Supreme Court, Rockland County, entered June 2, 1975, which denied its motion to vacate the judgment. Order reversed, without costs or disbursements, and motion granted, on condition that defendant, within 10 days after entry of the order to be made hereon, post a bond, with corporate surety, in the penal sum of $5,000, which bond shall guarantee payment to plaintiff of any subsequent judgment which may be entered in its favor in this action; otherwise, order affirmed, with $50 costs and disbursements. Appellant presented facts which constitute both a justifiable excuse for the default and a meritorious defense on the issue of the value of the professional services rendered by respondent. The circumstances, however, require the posting of a bond. Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.

■ EAST NEW YORK SAVINGS BANK, Appellant, v CARLINDE REALTY CORP. et al., Respondents, et al., Defendants.—In a mortgage foreclosure action, the plaintiff mortgagee appeals from an order of the Supreme Court, Queens County, dated November 6, 1975, which granted, upon certain conditions, a motion to vacate a prior ex parte order of the same court, dated May 27, 1975, which appointed a receiver of the rents and profits of the property under foreclosure. Order affirmed, with one bill of $50 costs and disbursements to respondents Reference Realty Corp. and Robert S. Dillworth. In our opinion, the determination of Special Term vacating the appointment of the receiver on condition that Carlos Niveyro, an officer of defendant Carlinde Realty Corp., receive all rents in trust, *inter alia* for the maintenance and operating expenses of the building, and file a surety company bond in the amount of $100,000, was, under the circumstances, based upon sufficient evidence, and constituted a valid exercise of the court's discretion (cf. *S. Z. B. Corp. v Ruth,* 14 AD2d 678; *Blair v Donlon,* 51 NYS2d 921; *Tabori v Yeckes,* NYLJ, April 23, 1974, p 16, col 4; 15 Carmody-Wait 2d, NY Prac, § 92:476). Gulotta, P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.